IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RR COMPANY OF AMERICA, LLC, ) | CASE NO. 1:19 CV 539 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | |
| BISHOP QUEEN, LLC, ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| Defendant. ) | |

This matter is before the Court on the Supplemental Motion of Plaintiff RR Company of America, LLC ("RR") for Award of Attorneys Fees. (ECF #116). RR was the prevailing party in this action as the Court granted RR's Motion for Summary Judgment on its Complaint for Breach of Lease and Specific Performance and on Defendant's Counterclaims. (ECF #98) Defendant Bishop Queen ("BQ") appealed that decision and the Sixth Circuit affirmed this Court's ruling. (ECF #113, 114) While that appeal was pending the Court determined that RR was entitled to attorneys fees and court costs under Section 22 of the Lease between the parties and granted RR's Motion for Attorneys Fees and Costs in the amount of $582,790.59. (ECF #108) BQ appealed the attorneys fee ruling and the Sixth Circuit affirmed this Court's Order awarding attorneys fees and costs.(ECF #115, 117) Thereafter, RR filed the pending motion seeking an award of attorneys fees in the amount of $77,201 incurred in prevailing against BQ's two appeals plus $10,000 in fees incurred in preparing the Supplemental motion and related materials. BQ has not responded

to RR's Supplemental Motion for Award of Attorneys Fees.

## ANALYSIS

Section 22 of the Lease between the parties provides that "[i]n the event of any litigation between the Landlord and Tenant arising out of this Lease, the unsuccessful party in such litigation shall pay the court costs and reasonable attorneys' fees of the prevailing party." (ECF #1, Ex. 1, §22) The Court has already determined that RR is the prevailing party under this litigation arising out of the Lease between the parties, and that the first submission of RR's Motion for Award of Attorneys Fees and Costs was reasonable under the lodestar calculation and the Rule 1.5 factors. The Sixth Circuit affirmed both decisions. BQ's appeals of this Court's Orders are a continuation of the litigation arising out of the lease between the parties, entitling RR to reasonable attorneys fees as the prevailing party under Section 22 of the Lease.

The Ohio Supreme Court advises that "[t]he beginning point for determining an award of attorney fees is the reasonable hourly rate multiplied by the number of hours worked, a calculation that is sometimes referred to as the 'lodestar.'" *Phoenix Lighting Grp., L.L.C. v. Genlyte Thomas Grp., L.L.C.*, 160 Ohio St. 3d 32, 33 (2020). The lodestar calculation " 'provides an objective basis on which to make an initial estimate of the value of the lawyer's services.' " *Id.* at 35., quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). There is a strong presumption that the lodestar is the proper amount for an attorney fee award. *Id.* at 38. However, after a court calculates the lodestar, the court may modify that calculation, either upward or downward, by applying the factors listed in Rule 1.5 of the Ohio Rules of Professional Conduct:

> (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) The fee customarily charged in the locality for similar legal services;

(4) The amount involved and the results obtained;

(5) The time limitations imposed by the client or by the circumstances;

(6) The nature and length of the professional relationship with the client;

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services;

(8) Whether the fee is fixed or contingent.

This Court previously approved RR's blended hourly rate of $367.03. Here, because most of the work on the appeals was performed by a junior partner, the blended hourly rate requested in this motion is $326.71. As before, the Court finds that this rate is reasonable. RR's counsel spent 236.3 hours vigorously defending the two appeals, which required supplemental briefing on jurisdictional issues and responding to BQ's motion to stay briefing on attorneys fees. Based on the number of hours times the blended hourly rate, the lodestar figure is $77,201. After reviewing all of the information and the declaration submitted by RR, the Court finds that the fees requested by RR are reasonable under the lodestar analysis and the Rule 1.5 factors. RR also seeks an additional $10,000 in fees incurred to prepare its supplemental application for fees and costs. BQ has not objected to RR's Supplemental Motion for Award of Attorneys Fees. Accordingly, RR's Supplemental Motion for Award of Attorneys Fees will be granted in its entirety.

## CONCLUSION

For the reasons set forth above, RR' Supplemental Motion for Award of Attorneys Fees in

the amount of $88,201.00 is granted.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED: May 8, 2023